In the Matter of the Claim of MICHAEL CHROMEY, Respondent-Appellant, against MARY V. ARGENTIERI et al., Appellants-Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— The employer and carrier appeal from a partial disability award, contending that there is inadequate evidentiary support for a finding of disability after April 19, 1955, and an improper determination of claimant's average weekly wage. Claimant cross-appeals and challenges a finding that claimant had a 25% earning capacity after April 19, 1955. Prior to his accident, claimant, in reality, had three jobs. He was employed by the Erie Railroad regularly as a car inspector, working five days per week from 3:00 to 11:00 P.M., and irregularly as a " wrecker " subject to call as occasion arose. On his " off days ", vacation periods and part time on some other days, he worked for appellant as a handyman in connection with her grocery store. On September 8, 1954, he was repairing an elevator in the

latter employment when the elevator fell on him and he sustained a compressed fracture of two lumbar vertebrae. He returned to work as a car inspector on April 19, 1955. There is evidence that such job is light work which involves no heavy lifting. He did not return to work as a wrecker nor for appellant as handyman. There is evidence that some of his duties as a handyman required heavy lifting and some did not. From the medical evidence and other evidence in the record there is adequate support for a finding of partial disability after April 19, 1955. Likewise, the board could reasonably find that subsequent to April 19, 1955, claimant was physically able to perform some of the duties of handyman, thus supporting the finding of a 25% earning capacity in that employment. In fixing the average weekly wage the board employed the method provided in subdivision 3 of section 14 of the Workmen's Compensation Law. Upon this record the board could well determine that the methods provided in subdivisions 1 and 2 of section 14 " cannot reasonably and fairly be applied " and thereupon subdivision 3 comes into play. Subdivision 3 mandates claimant's " average annual earnings shall consist of not less than two hundred times the average daily wage or salary which he shall have earned in such employment during the days when so employed ". Here the hourly wage was stipulated at $1, and the board could find from the evidence that claimant worked eight hours on some days during the preceding year. If such method of computing the average weekly wage seems unfair in some cases of part-time workers, it is nevertheless a legislative mandate. (*Matter of Terry* v. *City of Glens Falls*, 2 A D 2d 625; *Matter of Baker* v. *Town of Aurora*, 2 A D 2d 913.) Award unanimously affirmed, with one bill of costs to be divided between claimant and the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.